THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLEMENTINE CONDE,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1] Acting Commissioner
of Social Security,

    Defendant.

: CIVIL ACTION NO. 3:16-251
: (JUDGE MARIANI)
: (Magistrate Judge Arbuckle)

FILED
SCRANTON

NOV 12 2021

PER _____
    DEPUTY CLERK

## ORDER

AND NOW, THIS 12th DAY OF NOVEMBER 2021, upon de novo review of Magistrate Judge William I. Arbuckle's Report and Recommendation ("R&R") (Doc. 19), Plaintiff's objections thereto and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 19) is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's objections (Doc. 20) are **OVERRULED**.

    a. With her objection that the ALJ erred by finding that she does not meet or equal listing 1.02A due to her bilateral knee osteoarthritis, Plaintiff points to evidence which she asserts supports a contrary finding. (Doc. 20 at 1.) However, Plaintiff does not explain how the evidence upon which she relies

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the current Acting Commissioner of Social Security, is substituted for former Acting Commissioner of Social Security Carolyn Colvin as the named defendant in this action.

requires a finding that she meets Listing 1.02A or that the ALJ's determination is not supported by substantial evidence.[2] While Plaintiff identifies clinical findings substantiating knee problems and gait issues, she does not show that these problems undermine the ALJ's conclusion that the evidence does not show a "gross anatomical deformity" and an "inability to ambulate effectively" as these terms are used in the listing at issue. (*See* Doc. 19 at 17-23; Doc. 20 at 1-2.) Importantly, although evidence upon which the ALJ could have reached a different conclusion may exist in the record, this does not mean that the decision rendered was not supported by substantial evidence. *See, e.g., Hartranft v. Apfel,* 181 F.3d 358, 359 (3d Cir. 1999). For these reasons, Plaintiff's objection regarding listing 1.02A is properly overruled.

b. With her objection that the ALJ erred by finding that she does not meet or equal listing 12.04 due to depressive disorder, Plaintiff relies upon the opinion of Licensed Marriage and Family Therapist Andrew Ramirez. (Doc. 20 at 2-3.) However, as discussed in Magistrate Judge Arbuckle's very thorough R&R, the ALJ's decision to discount Ramirez's opinion is supported by

---

[2] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel,* 181 F.3d 358, 359 (3d Cir. 2006) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir.1971) (internal citation omitted).

2

substantial evidence. (Doc. 19 at 26, 34-39.) Plaintiff does not object to the R&R on this basis. (*See* Doc. 20 at 4.) For these reasons, Plaintiff does not show error on the basis of the 12.04 listing determination and the objection is properly overrurled.

c. Plaintiff's objection that substantial evidence does not support the ALJ's credibility determination is based on three grounds: (1) an ALJ may not discredit a claimant's testimony regarding symptoms solely because there is no supporting medical evidence; (2) the ALJ did not consider the overlay of Plaintiff's physical and mental impairments; and (3) the ALJ should not have relied on Plaintiff's receipt of unemployment benefits. (Doc. 20 at 4-5.) First, a review of the ALJ's Decision indicates that she relied on far more than the lack of medical evidence to support her credibility determination regarding Plaintiff's pain allegations. (*See* Doc. 9-2 at 25-26.) Second, Plaintiff's conclusory "overlay" statement and quotation to *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004), "'He [the ALJ] failed to take seriously the possibility that pain was indeed as severe as Carradine said but that its origin was psychological rather than physical,'" (Doc. 20 at 4 (quoting *Carradine*, 360 F.3d at 755), does not satisfy her burden of showing error on the basis alleged. Third, although the ALJ noted Plaintiff's receipt of unemployment benefits (Doc. 9-2 at 25) and the fact that this indicated that Plaintiff had to be

"able and available for work," the reference concerned credibility about the intensity, persistence and limiting effects of her symptoms—it was not an indication that the ALJ concluded that being "able and available for work" in the unemployment context meant that Plaintiff was not disabled in the Social Security context. Given the ALJ's thorough discussion of Plaintiff's credibility and the many bases for her determination, Plaintiff has not shown that the ALJ's decision on this issue is not supported by substantial evidence. Therefore, this objection is properly overruled.

3. Plaintiff's Appeal is **DENIED.**

4. The Acting Commissioner of Social Security's decision is **AFFIRMED**.

5. The Clerk of Court is directed to **CLOSE THIS CASE**.

                                                  Robert D. Mariani
                                                  United States District Judge